CHARLES K. CHINEDUH (SBN 273258)
Charles.Chineduh@maynardnexsen.com
MAYNARD NEXSEN LLP
10100 Santa Monica Blvd., Suite 550
Los Angeles, California 90067
Telephone: (310) 596-4500
Facsimile: (205) 254-1999

Attorneys for Interpleader Plaintiff
PROTECTIVE LIFE INSURANCE COMPANY

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| PROTECTIVE LIFE INSURANCE COMPANY,<br><br>Interpleader Plaintiff,<br><br>v.<br><br>STEVEN REYNOLDS, individually and as Trustee of THE MARSHA IVEY DECLARATION OF TRUST DATED JULY 13, 2000 a/k/a MARSHA IVEY DECLARATION TRUST DTD. 7/13/2000; and CHARLES IVEY,<br><br>Interpleader Defendants. | Case No.<br><br>**COMPLAINT-IN-INTERPLEADER** |

Interpleader Plaintiff PROTECTIVE LIFE INSURANCE COMPANY ("Protective"), pursuant to Fed. R. Civ. P. 22, respectfully files this Complaint-in-Interpleader against Interpleader Defendants STEVEN REYNOLDS, individually and as Trustee of THE MARSHA IVEY DECLARATION OF TRUST DATED JULY 13, 2000 a/k/a MARSHA IVEY DECLARATION TRUST DTD. 7/13/2000 (collectively, "Steven") and CHARLES IVEY ("Charles," and collectively with Steven, the "Interpleader Defendants"), as follows:

## PARTIES

1. Protective is a corporation organized under the laws of the State of Nebraska, with its principal place of business located in Birmingham, Alabama. Therefore, for purposes of subject matter jurisdiction, Protective is a citizen of the States of Nebraska and Alabama. Protective is, and at all relevant times was, authorized to transact business in the State of California.

2. Steven is a citizen of the State of California, and Steven has at all relevant times been domiciled in Los Angeles County, California. Steven is also the current trustee of The Marsha Ivey Declaration of Trust Dated July 13, 2000 a/k/a Marsha Ivey Declaration Trust Dtd. 7/13/2000 (the "Trust").

3. Charles is a citizen of the State of California, and Charles has at all relevant times been domiciled in Orange County, California. Charles is the adult son of annuitant Marsha A. Ivey.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is diversity of citizenship between Protective and the Interpleader Defendants, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(1)-(2), because at least one Interpleader Defendant resides in this judicial district, and because this is the judicial district in which a substantial part of the events giving rise to the claim occurred.

## GENERAL ALLEGATIONS

6. On or around June 28, 2018, Protective issued an individual flexible premium deferred variable annuity contract to the Trust—Contract No. PH7501679 (the "Annuity"). The Trust was the designated owner of the Annuity, and Marsha A. Ivey ("Marsha") was the designated annuitant.

///

7. The Annuity was issued and delivered to the Trust in the State of California.

8. The Annuity contains the following relevant beneficiary provision: "The Primary Beneficiary is the surviving Owner, if any. If there is no surviving Owner, the Primary Beneficiary is the person or persons designated by the Owner and named in our records." The Annuity additionally states: "Unless designated irrevocably, you may instruct us by Written Notice to change the Beneficiary . . . ."[1]

9. At or around the Annuity's issuance, Marsha, who was the trustee of the Trust at the time, submitted to Protective a Beneficiary Information Request form, designating Steven and Charles as the primary beneficiaries of the Annuity, with each to receive a 50% share of the Annuity benefit upon Marsha's death.[2] The Beneficiary Information request form was executed by Marsha in her capacity as trustee of the Trust.

10. Marsha died on June 15, 2024.

11. At the time of her death, the Annuity's benefit totaled $829,997.18 (the "Annuity Benefit").

12. Per the terms of the Trust, Steven became the successor trustee upon Marsha's death.

13. On or around December 16, 2024, Protective received correspondence from attorney James E. Swick ("Attorney Swick"), stating in relevant part: "I am the attorney for Steven Reynolds, Trustee of The Marsha Ivey Declaration of Trust, dated 7-13-2000 …. I am submitting this claimant's statement on behalf of Steven Reynolds, as Trustee of The Marsha Ivey Declaration of Trust, dated 7-13-2000 because the original named beneficiaries are not in compliance with the variable annuity policy which was owned by the trust …. Please correct this oversight and issue the check

[1] "You" is defined in the Annuity as the Annuity's owner.

[2] According to Protective's records, there was never an irrevocable beneficiary designation on file, and thus, the Trust was able to make the beneficiary designation per the terms of the Annuity.

payable to Steven Reynolds, as Trustee of The Marsha Ivey Declaration of Trust, dated 7-13-2000."

14. Following receipt of this letter, and in hopes of avoiding a costly and protracted interpleader lawsuit, Protective contacted Attorney Swick to determine, among other things, whether Steven and Charles, in their individual capacities, would disclaim their interests in the Annuity, so that payment of the Annuity's benefit could be made to the Trust.

15. On or around January 22, 2025, Protective received correspondence from Attorney Swick, stating in relevant part: "Steven Reynolds would be willing to sign a release/hold harmless agreement directing Protective pay [sic] the trust the entire annuity but doubt Charles Ivey would do so unless we file expensive legal proceedings."

16. Based upon the foregoing, Protective cannot determine without peril whether the Annuity Benefit is payable to: (a) Steven and Charles, pursuant to the Beneficiary Information Request form submitted by the Trust in 2018, or (b) the Trust, pursuant to Attorney Swick's contentions. As a result, Protective has been compelled to retain counsel and file this interpleader lawsuit.

## COUNT I

## DECLARATORY RELIEF AND INTERPLEADER

17. Protective incorporates by this reference each of the preceding paragraphs 1 through 16 as if fully set forth herein.

18. Protective admits that the Annuity Benefit is payable. However, due to the issues described above, Protective cannot determine without peril the proper beneficiary(ies) to whom the Annuity Benefit is owed.

19. Protective claims no beneficial interest in the Annuity Benefit, and Protective is instead a mere stakeholder to the funds.

20. Unless the potentially conflicting claims of the Interpleader Defendants are disposed of in a single proceeding, Protective remains subject to multiple litigation

and faces substantial risk of suffering duplicate or inconsistent rulings on liability for payment of the Annuity Benefit.

21. Protective is ready, willing, and able to pay the Annuity Benefit into the Registry of the Court upon issuance of an order authorizing the deposit of said interpleader funds.

22. Protective is entitled to an order enjoining the Interpleader Defendants, and anyone acting directly or indirectly on their behalf, from commencing or maintaining any action in any state or federal court against Protective for the recovery of any claim, in whole or in part, against the Annuity and/or the Annuity Benefit.

23. Protective should be discharged as a disinterested stakeholder and should recover its reasonable attorneys' fees and costs for the services rendered in prosecuting this interpleader action.

## PRAYER FOR RELIEF

WHEREFORE, Protective respectfully requests that this Court enter a final judgment in its favor and against the Interpleader Defendants as follows:

1. That the aforementioned Annuity Benefit be accepted into the Registry of this Court and held in an interest-bearing account for future disbursement according to the judgment of this Court;

2. That the Court adjudicate the issue of which Interpleader Defendants are rightfully entitled to the Annuity Benefit;

3. That the Court enter an order enjoining each of the Interpleader Defendants, their agents, trustees, attorneys, and/or assigns, and any other purported beneficiaries of the Annuity, from instituting or maintaining any action in any court or forum against Protective for the recovery of any claim, in whole or in part, against the Annuity and/or the Annuity Benefit;

4. That an award be made to Protective out of the funds to be deposited into the Registry of this Court, as reimbursement for the costs, attorneys' fees, and other

expenses that Protective is compelled to expend in the prosecution of this interpleader lawsuit;

5. That Protective be dismissed *with prejudice* from this action and discharged from any and all further liability with respect to, affecting, or in any way arising out of the Annuity with an express finding of finality; and

6. That Protective be awarded such other and further relief as the Court may deem just and proper.

DATED: February 28, 2025

MAYNARD NEXSEN LLP

By: */s/ Charles K. Chineduh*
Charles K. Chineduh

*Attorneys for Interpleader Plaintiff Protective Life Insurance Company*